Kevin Osborne, State Bar No. 261367
Julie Erickson, State Bar No. 293111
Elizabeth Kramer, State Bar No. 293129
**Erickson Kramer Osborne LLP**
182 Howard Street #736
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088
Email: julie@eko.law

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

| | |
|---|---|
| KATHY BOW, ROBERT PAPP, AND SUSAN WEISINGER,<br><br>Plaintiffs,<br><br>vs.<br><br>CEBRIDGE TELECOM CA, LLC (D/B/A SUDDENLINK COMMUNICATIONS); ALTICE USA, INC.; CEQUEL COMMUNICATIONS, LLC; CEBRIDGE ACQUISITION, L.P.; CEQUEL III COMMUNICATIONS I, LLC; AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | Case No.: 2:21-cv-00444-TLN-JDP<br><br>[Nevada County Superior Court Case No. TCU21-7785]<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Hearing Date:  June 10, 2021<br>Time:  2:00 p.m.<br><br>District Judge Troy L. Nunley<br>Courtroom 2, 15th Floor<br>Magistrate Judge Jeremy D. Peterson<br>Courtroom 9, 13th Floor<br><br>Complaint Filed: January 15, 2021<br>Trial Date: Not Yet Set |

# **NOTICE OF MOTION AND MOTION**

TO THE COURT, DEFENDANTS, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on June 10, 2021, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Troy L. Nunley, U.S. District Judge, located at the United States District Court for the Eastern District of California at 501 I Street, Sacramento, California, Courtroom 2, 15th Floor, Plaintiffs Kathy Bow, Robert Papp, and Susan Weisinger ("Plaintiffs") will move and hereby do move pursuant to 28 U.S.C. § 1447(c) for an Order remanding this matter to the Superior Court of the State of California for the County of Nevada on the grounds that the Court lacks federal jurisdiction because Plaintiffs cannot satisfy Article III standing to pursue their claims for public injunctive relief.

This Motion is based on this Notice of Motion and Motion, and the following Memorandum of Points and Authorities, all other pleadings and papers on file in this action to date, and such other arguments and other materials as may be presented before the Motion is taken under submission.

Dated: May 13, 2021                                              Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Julie C. Erickson
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Julie C. Erickson (SBN 293111)

**Erickson Kramer Osborne LLP**
182 Howard Street #736
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088
Email: julie@eko.law

*Attorneys for Plaintiffs*

## I. INTRODUCTION

On January 15, 2021, Plaintiffs filed a complaint in the Superior Court of California for Nevada County seeking public injunctive relief under California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and Consumers Legal Remedies Act ("CLRA"). Defendants Cebridge Telecom CA, LLC (doing business as SUDDENLINK COMMUNICATIONS); Altice USA, Inc.; Cequel Communications, LLC; Cebridge Acquisition, L.P.; and Cequel III Communications I, LLC (collectively "Suddenlink" or "Defendants") removed the action to this Court under 28 U.S.C. § 1332(a). Plaintiffs now seek an order remanding the matter to state court.

The public injunction is a creation of California law, which allows a plaintiff to seek relief on behalf of the general public by protecting against deceptive and unlawful conduct. According to the California Supreme Court in *McGill v. Citibank, N.A.*, public injunctive relief is "relief that by and large benefits the general public and that benefits the plaintiff, if at all, only incidentally and/or as a member of the general public." 2 Cal. 5th 945, 955 (2017).  It follows that a public injunction does not (and should not) redress any injury suffered by the plaintiff. Without redressability, Article III standing is not satisfied and there can be no federal jurisdiction. A plaintiff's lack of standing in federal court, however, does not prevent California courts from hearing requests for public injunctions. Here, Plaintiffs, who brought their lawsuit in California State court, seek public injunctive relief in the form of a ban on Suddenlink's ongoing deceptive advertising that forms the basis of Plaintiffs' complaint. Because Plaintiffs cannot satisfy Article III standing, the Court lacks subject matter jurisdiction over this action, and it should be remanded to the Superior Court of California for Nevada County where it may be properly heard.

## II. STATEMENT OF THE CASE

Suddenlink provides internet services to consumers in rural areas of California. *See* Dkt. No. 1-2, pp. 37-58, First Amended Complaint ("FAC"), ¶ 1. Suddenlink advertises its internet services at speeds and reliability that it knows it is incapable of delivering. *Id*. Suddenlink's ongoing conduct harms the general public, which is the target of Suddenlink's false advertising. *Id.* at ¶¶ 2-4, 6-11, 17-18, 20, 50-52, 54.  Plaintiffs filed a lawsuit in Nevada County in January

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REMAND; CASE NO. 2:21-CV-00444-TLN-JDP
1

2021 alleging that would-be Suddenlink subscribers will purchase Defendants' internet services in reliance on Suddenlink's false promises but will not receive the services for which they bargained. *Id*. The case seeks to enjoin Defendants' false advertising and marketing in violation of the UCL, FAL, and CLRA, and for other public injunctive relief. The FAC was filed on January 29, 2021. On March 11, 2021, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1332(a). Dkt. No. 1.

### III. THE COURT MUST REMAND THE ENTIRE ACTION BECAUSE PLAINTIFFS DO NOT SATISFY ARTICLE III STANDING

#### A. Legal Standards on Remand and Article III Standing

Civil actions brought in state court may be removed to district court only if the federal court has original jurisdiction. 28 U.S.C. § 1441(a). When federal jurisdiction is absent from the commencement of a case, an action is not properly removed. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c). Under Section 1447(c), "if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003).

Courts are to strictly construe removal statutes so as to limit, not expand, federal jurisdiction. *Or. Bureau of Labor & Indust. V. U.S. W. Commc'ns, Inc.*, 288 F.3d 414, 419 (9th Cir. 2012). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*). A removed case in which the plaintiff lacks Article III standing must be remanded to state court under §1447(c). *Polo*, 833 F.3d at 1196; 28 U.S.C. § 1447(c) (in a removed action, if the court lacks jurisdiction, "the case shall be remanded").

Pursuant to Article III of the Constitution, the Court's jurisdiction over the case "depends on the existence of a 'case or controversy.'" *GTE Cal., Inc. v. FCC*, 39 F.3d 940, 945 (9th Cir. 1994). A "case or controversy" exists only if a plaintiff has standing to bring the claim. *Nelson v. NASA*, 530 F.3d 865, 973 (9th Cir. 2008), *rev'd on other grounds*, 131 S. Ct. 746 (2011). To satisfy

Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Plaintiffs "must demonstrate standing separately for each form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000).

### B. Redressability Is Not Met Where Plaintiff's Claim is for Public Injunctive Relief

"Based on the definition provided by the California Supreme Court [in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017)], a claim for 'public injunctive relief' cannot satisfy the three elements of Article III standing." *McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850, 858 (S.D. Cal. 2019), *reconsideration granted on other grounds*, 2020 WL 4582687 (S.D. Cal. Aug. 10, 2020). "The problem lies with the third element – redressability." *Id.*, 362 F. Supp. 3d at 858.

"The public injunction is a creature of California law." *Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 919 (N.D. Cal. 2020). According to the California Supreme Court, public injunctive relief is "relief that by and large benefits the general public and that benefits the plaintiff, if at all, only incidentally and/or as a member of the general public." *McGill*, 2 Cal. 5th at 955. "The evident purpose of such relief, therefore, is not to resolve a private dispute, but to remedy a public wrong." *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 900-01 (N.D. Cal. 2018) (citing *McGill*, 2 Cal. 5th at 961). "Relief that is not intended to benefit the plaintiff cannot be said to redress any injury allegedly suffered by the plaintiff. Because public injunctive relief does not redress *the plaintiff's* injury, individuals lack the Article III standing required to seek such relief in federal court." *McGovern*, *supra*, 362 F. Supp. 3d at 858.

In *Rogers*, *supra*, the court held that the plaintiffs could not invoke federal-court jurisdiction to adjudicate only a request for a public injunction. 452 F. Supp. 3d at 918-20. The court contrasted the standing requirements for a plaintiff seeking a public injunction under California law (that is, lost money or property as a result of the unfair competition) with Article III's requirement of a concrete, particularized, and actual or imminent injury. *Id.* at 919. The court noted that, under California law, "a public injunction need not—indeed, is not supposed to—

redress a plaintiff-specific injury." *Id.* The judicial power under Article III, however, "exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). "Thus, even if [California] state law authorizes a plaintiff to seek a public injunction on behalf of the general public, that authorization, standing alone, does not confer standing in federal court." *Id.* at 919. The court was careful to explain that the plaintiffs' lack of standing in federal court did not foreclose their standing in state court, where the case originated. *Id.* at 920 ("Of course, state courts are free to experiment with remedies that federal courts may not entertain" and therefore "the plaintiffs' lack of standing in federal court does not prevent California courts from hearing requests for public injunctions."). After holding that it lacked jurisdiction, the court remanded the matter to state court, noting that whether the requested relief met the definition of "public injunctive relief" under California law was for the state court to determine. *Id.* at 920-21.

Similarly, in *Stover v. Experian Holdings, Inc.*, 978 F.3d 1082 (9th Cir. 2020), the plaintiff was permitted to pursue a claim for public injunctive relief pursuant to *McGill*, even though her claims for individual relief were compelled to arbitration. The only way the plaintiff could maintain any of her case in federal court was if she had standing to assert her claim for public injunctive relief. The Ninth Circuit concluded she had not alleged Article III standing for a claim for public injunctive relief. *Id.* at 1087-88.

C. **Plaintiffs Seek Public Injunctive Relief**

Plaintiffs here "do[] not have (and cannot allege) Article III standing to seek public injunctive relief because public injunctive relief is categorically incompatible with Article III standing." *McGovern v. U.S. Bank N.A.*, 2020 WL 7129344, at *2 (S.D. Cal. Dec. 3, 2020).

Plaintiffs respectfully request the Court to follow the path taken by Judge Chhabria in *Rogers*: remand this matter to Nevada County Superior Court where the question of the nature of Plaintiffs' requested relief—public vs. private—will be determined by the state court. *See Rogers*, *supra*, 452 F. Supp. 3d at 920-21. However, if the Courts find that the question should be answered at this stage, it should find that Plaintiffs' request to enjoin Suddenlink's continued false advertising is "public injunctive relief" under *McGill*.

In *McGill*, the California Supreme Court held that claims for public injunctive relief under the UCL, CLRA, and FAL cannot be barred outright. 2 Cal. 5th at 961-62. If a contract purports to waive the right to seek such relief in court and in arbitration, *McGill* renders that term invalid and unenforceable. *Id.* Under *McGill*, "public injunctive relief" is relief that has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public. *Id.* at 955. Injunctions under the UCL and CLRA preventing deceptive advertising and marketing are "public" in nature. *Id.* ("an injunction under the UCL or [FAL] against deceptive advertising practices is clearly for the benefit of ... the general public; it is designed to prevent further harm to the public at large rather than to redress or prevent injury to a plaintiff"); *see also Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 824 (9th Cir. 2019) ("[P]ublic injunctions benefit the public directly by the elimination of deceptive practices, but do not otherwise benefit the plaintiff, who has already been injured, allegedly, by such practices and is aware of them."). While public injunctive relief under *McGill* encompasses more than false advertising, for purposes of this motion the Court need look no further, as a ban on false advertising is exactly what Plaintiffs seek here.

At the heart of Plaintiffs' FAC is a complaint about false advertising—Suddenlink's promise to provide a service that it cannot and does not deliver. The FAC specifically alleges that Suddenlink engages in significant advertising and marketing to the public making representations as to the upload and download speeds and reliability of its internet service (FAC ¶¶ 3, 6-11), that these representations are false (*id.*, ¶¶ 3, 9-11, 17-18, 20), and that a reasonable consumer would likely be deceived (*id.*, ¶¶ 10-11, 20). Plaintiffs bring claims not as a class action but as a representative action under California's consumer protection statutes for: (1) unlawful, unfair, and fraudulent business practices under the UCL for "making false representations and omissions of material facts" (FAC ¶ 47; ¶¶ 48, 53 (same); (2) violations of the False Advertising Law based on Suddenlink's "advertising and marketing [which] asserts facts about Suddenlink's products and services that are untrue and likely to deceive and mislead the public" (FAC ¶ 59); and (3) violations of the CLRA, again, based on the false representations about the quality and characteristics of its internet service (FAC ¶¶ 66-68). The FAC repeatedly alleges that Suddenlink's ongoing conduct

harms "the public" and "potential subscribers" who, in reliance on the false representations, will sign up and pay for Suddenlink's inferior internet service. *See, e.g.,* FAC ¶¶ 2, 4, 9, 11, 50-52, 54.

As a remedy, Plaintiffs expressly seek "public injunctive relief" (FAC ¶¶ 56, 62, 70) that would bar Suddenlink from continuing to engage in deceptive advertising. *Id.*, ¶ 5 & Prayer for Relief, ¶ A(i)-(iii) (seeking an order "enjoin[ing] Suddenlink from […] making false representations about the speed of internet service that Suddenlink can and will provide" and "[r]equiring Suddenlink to disclose to Plaintiffs, current subscribers, and the consuming public that its current infrastructure cannot and does not support the internet speeds it advertises" as well as the "true download and upload speeds that its current infrastructure actually supports"). The Prayer for Relief also includes an alternative request for infrastructure changes with the same aim of bringing an end to Suddenlink's false advertising. *Id.*, Prayer, ¶ A(iv) (seeking infrastructure change "such that Plaintiffs, subscribers, and the consuming public may actually receive the advertised internet speeds"), (v)-(vi) (same); *see also id.*, ¶ 5 (Suddenlink "should either make its advertising truthful and not misleading or be required to make the improvements necessary to deliver on its promises").

Plaintiffs' allegations and requested relief mirror those of the plaintiffs in cases where courts have found the claims did in fact seek public injunctive relief. *See, e.g., McGill*, 2 Cal. 5th at 957; *Delisle v. Speedy Cash*, 818 Fed. Appx. 608, 609 (9th Cir. June 9, 2020) (affirming district court's finding that injunction barring defendant from issuing predatory loans and requiring corrective advertising about prior loans stood to benefit general public because it would prevent ongoing unlawful conduct threatening future harm); *Nguyen v. Tesla, Inc.*, 2020 WL 2114937, at *4 (C.D. Cal. Apr. 6, 2020) (request to enjoin Tesla from making untrue and misleading statements in its show rooms and advertising and marketing was a "public injunction"); *Olosoni v. HRB Tax Grp., Inc.*, 2019 WL 7576680, at *4 (N.D. Cal. Nov. 5, 2019) (request to enjoin allegedly false advertising on defendant's website was "precisely" the type of public injunctive relief contemplated by *McGill* and *Blair*); *Greenley v. Avis Budget Grp. Inc.*, 2020 WL 1493618, at *7 (S.D. Cal. Mar. 27, 2020) (injunction requiring car rental company to remove customer's personal data from rental cars upon their return was "public" relief); *Dekker v. Vivint Solar, Inc.*, 2020 WL

1429740, at *3 (N.D. Cal. Mar. 24, 2020) *vacated on other grounds*, 479 F. Supp. 3d 834 (N.D. Cal. Aug. 14, 2020), *appeal dismissed*, 2021 WL 1238566 (9th Cir. Jan. 25, 2021) (ending business practice of imposing English agreements on non-English speakers was "public" relief, explaining that "[Defendant] peddles its (allegedly) unlawful contracts to the public at large. Prohibition of that misbehavior reaches the same.").

In sum, Plaintiffs seek to enjoin Suddenlink's ongoing deceptive advertising that its internet services are reliable and operate at certain upload and download speeds. Plaintiffs already know that these representations are untrue, hence the basis for this lawsuit. Thus, the requested relief stands to do Plaintiffs no good in the future. Rather, Plaintiffs seek the injunction to aid those who do not already know what they have learned and could be harmed by Suddenlink's false promises unless Plaintiffs prevail. This is quintessential public injunctive relief.

### D. The Proper Outcome is Remand of the Entire Action

As stated by the Ninth Circuit, "[a]s a general rule, if the district court is confronted with an Article III standing problem in a removed case—whether the claims at issue are state or federal—the proper course is to remand for adjudication in state court." *Davidson v. Kimberly-Clark, Corp.*, 889 F.3d 956, 970, n.6 (9th Cir. 2018); *see also Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (district court generally must remand the case to state court rather than dismiss it); § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.") (emphasis added). No motion, timely or otherwise, is necessary. *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (ultimate responsibility to ensure jurisdiction lies with the district court). Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter; state courts are not bound by the constraints of Article III. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989); *Rogers*, 452 F. Supp. 3d at 920-21.

Because Plaintiffs seek injunctive relief only available in state court, the proper course of action is to remand this matter to the Superior Court for Nevada County.

#### IV. **CONCLUSION**

For the foregoing reasons, this action should be remanded to the Superior Court of the State of California for the County of Nevada.

Dated this 13th day of May, 2021.      **Erickson Kramer Osborne, LLP**

    /s/ Julie C. Erickson
Julie C. Erickson (SBN 293111)

Kevin M. Osborne
Elizabeth A. Kramer
Julie C. Erickson
182 Howard Street #736
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088
Email: julie@eko.law

*Attorneys for Plaintiffs*