UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY BOW, ROBERT PAPP, and SUSAN WEISINGER,<br><br>Plaintiffs,<br><br>v.<br><br>CEBRIDGE TELECOM CA, LLC, d/b/a Suddenlink Communications; ALTICE USA, INC.; CEQUEL COMMUNICATIONS, LLC; CEBRIDGE ACQUISITION, L.P.; and CEQUEL III COMMUNICATIONS I, LLC,<br><br>Defendants. | No. 2:21-cv-00444-TLN-JDP<br><br>**ORDER** |

This matter is before the Court on Plaintiffs Kathy Bow, Robert Papp, and Susan Weisinger's ("Plaintiffs") Motion to Remand. (ECF No. 16.) Defendants Cebridge Telecom CA, LLC, d/b/a Suddenlink Communications; Altice USA, Inc.; Cequel Communications, LLC; Cebridge Acquisition, L.P.; and Cequel III Communications I, LLC ("Defendants") filed an opposition. (ECF No. 21.) Plaintiffs filed a reply. (ECF No. 24.) Also before the Court is Defendants' Motion to Compel Arbitration and Stay Litigation. (ECF No. 11.) Plaintiffs filed an opposition. (ECF No. 17.) Defendants filed a reply. (ECF No23.) For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Remand, and DENIES Defendants' Motion to Compel as moot.

1

## I. Factual and Procedural Background

Defendants provide internet services to consumers in rural areas of California. (ECF No. 16 at 3.) On January 15, 2021, Plaintiffs filed a lawsuit in the Superior Court of California, County of Nevada alleging that potential subscribers purchase Defendants' internet services in reliance on Defendants' false promises in violation of the California Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200 *et seq.* ("UCL"); the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.* ("FAL"); and the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"). (ECF No. 1-2.) Plaintiffs filed their First Amended Complaint ("FAC") on February 1, 2021, alleging the same causes of action. (ECF No. 1-2 at 37.) On March 11, 2021, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1 at 2.)

On April 15, 2021, Defendant Altice USA, Inc. filed a motion to compel arbitration (ECF No. 11), which Plaintiffs oppose (ECF No. 17). On May 13, 2021, Plaintiffs filed a motion to remand this action to state court (ECF No. 16), which Defendants oppose (ECF No. 21). Because the Court remands this case, it declines to address Defendants' motion to compel and the arguments made therein in this order.

## II. Standard of Law

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e., complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which they are domiciled. *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014).

///

"[I]n a case that has been removed from state court to federal court under 28 U.S.C. § 1441 on the basis of diversity jurisdiction, the proponent of federal jurisdiction — typically the defendant in the substantive dispute — has the burden to prove, by a preponderance of the evidence, that removal is proper." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010). "The preponderance of the evidence standard applies because removal jurisdiction ousts state-court jurisdiction and 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (citation omitted). "This gives rise to a 'strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper.'" *Id.* (citation omitted).

### III. ANALYSIS

Plaintiffs argue this case must be remanded because Plaintiffs' FAC brings claims solely seeking public injunctive relief under California law, which cannot satisfy Article III standing. (ECF No. 16 at 3–4.) Defendants, in opposition, state they removed this case based on diversity jurisdiction and further state Plaintiffs' claims seek relief for their own benefit satisfying the requirements for Article III standing. (ECF No. 21 at 2.) Defendants additionally argue that even if a portion of Plaintiffs' requested relief qualifies as a public injunction, the Court would still have jurisdiction of Plaintiffs' other requested relief — such as infrastructure improvements. (*Id.*)

Public injunctive relief, under California law, is "relief that by and large benefits the general public and that benefits the plaintiff, if at all, only incidentally and/or as a member of the general public." *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017) (internal citations and quotations omitted) (quoting *Broughton v. Cigna Healthplans of Cal.*, 21 Cal. 4th 1066, 1070 (1999)). "Based on the definition provided by the California Supreme Court [of public injunctive relief as forth in *McGill*], a claim for 'public injunctive relief' cannot satisfy the three elements of Article III standing." *McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850, 858 (S.D. Cal. 2019), *reconsideration granted on other grounds*, 2020 WL 4582687 (S.D. Cal. Aug. 10, 2020). Article III standing requires "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May

24, 2016). With public injunctive relief, "[t]he problem lies with the third element — redressability." *McGovern*, 362 F. Supp. 3d at 858. "The evident purpose of such relief . . . is not to resolve a private dispute, but to remedy a public wrong." *Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 900–01 (N.D. Cal. 2018) (citing *McGill*, 2 Cal. 5th at 961). Because such relief does not remedy a plaintiff's individual injury, the injury would not be redressed and thus there would be no Article III standing. *McGovern*, 362 F. Supp. 3d at 858.

At issue here is whether Plaintiffs' requested relief meets the definition of "public injunctive relief" or whether the relief sought is for private injunctive relief. One key difference between a private and public injunction is the primary beneficiary of the relief. Private injunctions "resolve a private dispute" between the parties and "rectify individual wrongs," though they may benefit the general public incidentally. *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 824 (9th Cir. 2019). In contrast, public injunctions, as noted, benefit "the public directly by the elimination of deceptive practices, but do not otherwise benefit the plaintiff, who has already been injured, allegedly, by such practices and [is] aware of them." *Id.* (quoting *McGill*, 2 Cal. 5th 955) (internal citations and quotations omitted).

Plaintiffs request an order:

> i. Requiring that Suddenlink immediately cease acts that constitute unlawful, unfair, and fraudulent business practices, false advertising, and violations of the Consumer Legal Remedies Act . . . and the False Advertising law as alleged herein, and to enjoin Suddenlink from continuing to engage in any such acts or practices in the future, including, but not limited to, making false representations about the speed of internet service that Suddenlink can and will provide;
>
> ii. Requiring Suddenlink to disclose to Plaintiffs, current subscribers, and the consuming public that its current infrastructure cannot and does not support the internet speeds it advertises and contracts for and that its internet services are subject to frequent outages;
>
> iii. Requiring Suddenlink to disclose to Plaintiffs, current subscribers, and the consuming public the true download and upload speeds that its current infrastructure actually supports for Suddenlink's various service packages;
>
> iv. Requiring Suddenlink to replace cables unable to carry data needed to support their subscribers' highspeed internet packages with higher quality fiberoptic cables throughout its

|   |   |   |
|---|---|---|
|   |   | service area to support its internet service to its subscribers such that Plaintiffs, subscribers, and the consuming public may actually receive the advertised internet speeds; |
|   | v. | Requiring Suddenlink to install amplifiers along its current cables such that Plaintiffs, subscribers, and the consuming public may actually receive the advertised internet speeds; |
|   | vi. | Requiring Suddenlink to install additional nodes and related hardware throughout its infrastructure such that Plaintiffs, subscribers and the consuming public may actually receive the advertised internet speeds; and |
|   | vii. | Requiring Suddenlink to make any additional infrastructure improvements necessary to provide reliable and consistent internet service at the advertised speeds and free from avoidable outages. |

(ECF No. 1-2 at 57–58.)

Defendants argue Plaintiffs are requesting "infrastructure changes" for their own benefit. (ECF No. 21 at 3–5.) Defendants fail to address Plaintiffs' requests for relief as to requests i–iii, and vii, other than a footnote in their opposition stating they dispute that "any of the relief Plaintiffs seek actually qualifies as public injunctive relief . . . But because Plaintiffs' argument for remand fails even if some of their claims do seek public injunctive relief, [Defendants'] do[] not address that issue further here." (ECF No. 21 at 3.) Instead, Defendants maintain Plaintiffs' requests for infrastructure changes are sufficient to give the Court jurisdiction over the entire action. (ECF No. 21 at 3.)

Defendants mischaracterize Plaintiffs' requested relief. First, it is evident to the Court that Plaintiffs' requests that Defendants cease false advertising practices and disclose to current subscribers its actual internet speeds and that its current infrastructure does not support such speeds are requests for public injunctive relief. *See Broughton*, 21 Cal. 4th at 1080 (finding deceptive methods, acts, and practices "generally benefit" the public "directly by the elimination of deceptive practices" and "will . . . not benefit" the plaintiff "directly," because they have "already been injured, allegedly, by such practices and [is] aware of them"); *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303, 315 (2003) (determining an injunction under the UCL or the

false advertising law against deceptive advertising practices "is clearly for the benefit of . . . the general public" and "is designed to prevent further harm to the public at large rather than to redress or prevent injury to a plaintiff").

While Plaintiffs do request changes to infrastructure, the remedy sought is one that corrects the discrepancy between Defendants' advertised internet speeds and the actual performance and infrastructure. (*See* ECF No. 1-2 at 57–58.) It is further clear Plaintiffs' underlying request is for an end to deceptive practices as they state that Defendants "should *either* make its advertising truthful and not misleading or be required to make the improvements necessary to deliver on its promises." (ECF No. 1-2 at 39 (emphasis added).) If Plaintiffs were requesting infrastructure changes just for their own homes or solely for current customers, this would not amount to public injunctive relief. *See Hodges v. Comcast Cable Commc'ns, LLC*, No. 19-16483, 2021 WL 6110309, at *10 (9th Cir. Sept. 10, 2021) (determining claims *did not* constitute public injunctive relief because the relief sought benefits only for "cable subscribers" and not the public).

Here, Plaintiffs' requests for relief aim to end Defendants' alleged deceptive advertising. This is precisely the relief sought in *Broughton* and *Cruz*, where the courts found that the relief sought was a public injunction. Because Plaintiffs similarly seek public injunctive relief, there is no redressability in this Court. Accordingly, this action must be remanded to state court for further proceedings.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 16) is GRANTED. This case is hereby remanded to the Nevada County Superior Court. Defendants' Motion to Compel Arbitration and Stay Litigation (ECF No. 11) is DENIED as moot.

IT IS SO ORDERED.

DATED: February 1, 2022

Troy L. Nunley
United States District Judge